IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DRAKE JORDAN FINCH,<br>TDCJ-CID No. 01985702,<br><br>  Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS *et al.*,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:18-CV-220-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed November 20, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges Defendants gave false testimony during his 2014 trial for the criminal offense of first-degree assault, which resulted in his criminal conviction and subsequent incarceration in TDCJ. ECF No. 3 at 6. Plaintiff claims Defendants falsified evidence during and after the trial and unlawfully altered trial transcripts. *Id.* at 6–8. Further, Plaintiff claims Defendants' illegal acts — which led to his incarceration — also caused every injury he has suffered during incarceration. *Id.* at 8.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

The Supreme Court has held a § 1983 claim which attacks the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

Here, all of Plaintiff's claims necessarily involve his underlying state court conviction for first-degree assault. Plaintiff's conviction has not been overturned through appeal or habeas relief. Additionally, the Defendants alleged by Plaintiff were mostly witnesses — not state actors subject to § 1983 liability. All of Plaintiff's claims are frivolous until the *Heck* conditions (reversal of his conviction) are met.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED.**

February 16, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE